IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERNEST W. McAFEE III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-0319-CV-ODS |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss (Doc. #8). The Motion is granted.

In his pro se Complaint, Plaintiff claims the Internal Revenue Service altered his tax returns, filed a "fraudulent lien," and took part in five counts of "theft by fraud." On June 14 Defendant filed a Motion to Dismiss. Plaintiff's Suggestions in Opposition contained further allegations of fraud, electronic fraud, mail fraud, and "fraud of public record."

Plaintiff and his common-law spouse jointly filed their income tax returns. The IRS initially disallowed certain deductions. Defendant then sent Plaintiff a statutory notice of deficiency and the deficiencies were later assessed. In 2008, the IRS attempted to collect on the tax indebtedness and as part of that effort filed a tax lien. Plaintiff filed documents to initiate an administrative review after which the IRS sustained the actions taken and denied Plaintiff's Request for Relief from Joint and Several Liability.

Meanwhile, Plaintiff also filed a Liability Offer in Compromise that was forwarded to a different IRS unit for resolution. During that process, Plaintiff's tax returns were re-examined. At the completion of the re-examination, Defendant abated the taxes, penalties, and interest it had assessed against Plaintiff. Defendant is currently in the process of determining whether Plaintiff is entitled to a refund.

The Complaint does not clearly indicate the claims Plaintiff wishes to assert, nor does it specify the basis for those claims. Regardless of the claims Plaintiff asserts, they must be dismissed.

Plaintiff may intend to assert a claim arising under the Federal Tort Claims Act ("FTCA"). However, the FTCA specifically prohibits claims involving the assessment or collection of any tax. 28 U.S.C. § 2680(c); see also Jones v. United States, 16 F.3d 979 (8th Cir. 1994) (holding the United States retains sovereign immunity under FTCA from claims arising in respect to tax collection and assessment, even though torts and constitutional violations were alleged). Plaintiff may intend to assert a claim under the 26 U.S.C. § 7433, which permits a claim based on violations of law during the IRS' effort to collect taxes. However, Plaintiff has failed to exhaust his administrative remedies, which is a prerequisite for filing a suit. 26 U.S.C. § 7433(d)(1). Further, even if Plaintiff exhausts his administrative remedies, his complaint should be dismissed because section 7433 specifies damages are allowed solely for unauthorized *collection* actions. See Porter v. Fox, 99 F.3d 271, 272 (8th Cir. 1996). Plaintiff's Complaint alleges a "fraudulent lien" was filed against him and that tax returns were "knowingly altered," but these claims are grounded on Plaintiff's claim that the assessments were incorrect. He does not allege wrongful means were used to collect a tax debt, so he cannot pursue a claim under this statute.

Regardless of the claim(s) Plaintiff wishes to present, the Court either lacks jurisdiction or Plaintiff has failed to properly state a cause of action. For these reasons, pursuant to Rule 12(b)(1) and 12(b)(6), the Court grants Defendant's Motion to Dismiss. The Motion to Compel (Doc. # 11) is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 9, 2010    UNITED STATES DISTRICT COURT